ALAN D. GREENBERG
U.S. Department of Justice
Environmental Defense Section
999 18th Street, Suite 370
Denver, CO  80202
Phone: (303) 844-1366
FAX: 303-844-1350
Email:  alan.greenberg@usdoj.gov

JOHN M. NEWMAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 829-3336
Email: john.newman@usdoj.gov

*ATTORNEYS FOR DEFENDANT*
*UNITED STATES FOREST SERVICE*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE,<br><br>Defendant. | No. 9:22-CV-00168-DLC<br><br><br>ANSWER |

Defendant United States Forest Service (the "Forest Service") hereby responds to the correspondingly numbered paragraphs of the Complaint as follows:

1. The allegations in Paragraph 1 consist of a characterization of Plaintiff's complaint, to which no response is required.

2. The allegations in Paragraph 2 consist of a characterization of Plaintiff's complaint, to which no response is required.

3. The allegation in Paragraph 3 consists of a characterization of Plaintiff's complaint, to which no response is required.

4. The allegation in the first sentence of Paragraph 4 consists of a characterization of Plaintiff's complaint, to which no response is required. The allegations in the second sentence in Paragraph 4 consist of legal conclusions, to which no response is required. To the extent that a further response is required, the Forest Service admits that this Court has subject matter jurisdiction over the claims in the Complaint under 28 U.S.C. § 1331.

5. The allegations in Paragraph 5 consist of legal conclusions, to which no response is required. To the extent a further response is required, the Forest Service admits the allegations in the first sentence of Paragraph 5 and denies the allegations of the second and third sentences of Paragraph 5.

6. The allegation in the first sentence of Paragraph 6 consists of a legal conclusion, to which no response is required. To the extent a further response is

required, the Forest Service admits the allegation in the first sentence of Paragraph 6.  The Forest Service admits the allegations in the second, fourth, and fifth sentences of Paragraph 6.  In response to the allegations in the third sentence of Paragraph 6, the Forest Service admits that it uses chemical fire retardant to fight wildfires on national forests within the District of Montana.  The Forest Service lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 6 and denies them on that basis.  In response to the allegations in the seventh sentence of Paragraph 6, the Forest Service admits that, in certain circumstances, the Forest Service has discharged aerial fire retardant into navigable waters in this Division without a National Pollution Discharge Elimination System permit.

7. The Forest Service lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 and denies them on that basis.

8. The Forest Service lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 and denies them on that basis.

9. The Forest Service lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 and denies them on that basis.

10. The allegations in Paragraph 10 consist of legal conclusions, to which no response is required. To the extent a further response is required, the Forest Service denies the allegations.

11. The Forest Service admits the allegations in Paragraph 11.

12. The Forest Service admits that Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), provides that "[e]xcept as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful."

13. The allegation in Paragraph 13 consists of a legal conclusion, to which no response is required. To the extent a further response is required, the Forest Service denies the allegation in Paragraph 13.

14. The allegation in Paragraph 14 consists of a legal conclusion, to which no response is required. To the extent a further response is required, the Forest Service admits that in certain circumstances an aircraft can be a point source.

15. The Forest Service admits that, in certain circumstances, the Forest Service and its cooperators have discharged, and may in the future discharge, fire retardant from aircraft into navigable waters without an NPDES permit.

16. The allegations in Paragraph 16 purport to characterize Appendix D of the draft Supplemental Environmental Impact Statement, which speaks for itself

and is the best evidence of its contents.  The Forest Service denies any allegation inconsistent with the Appendix's plain language, context, or meaning.

17. The Forest Service admits that it asserted in the past that a June 23, 2011, letter from EPA supported the Forest Service's practice not to obtain an NPDES permit.

18. The allegation in Paragraph 18 purports to characterize an EPA letter, dated June 23, 2011, which speaks for itself and is the best evidence of its contents. The Forest Service denies any allegation inconsistent with the EPA letter's plain language, context, or meaning.

19. The allegations in Paragraph 19 purport to characterize Appendix D of the draft Supplemental Environmental Impact Statement, which speaks for itself and is the best evidence of its contents.  The Forest Service denies any allegation inconsistent with the Appendix's plain language, context, or meaning.

20. The allegation in Paragraph 20 consists of a legal conclusion, to which no response is required.  To the extent a further response is required, the Forest Service admits that an EPA letter cannot amend the Clean Water Act.

21. The allegation in Paragraph 21 consists of a legal conclusion, to which no response is required.  To the extent a further response is required, the Forest Service denies the allegation in Paragraph 21.

22. The Forest Service admits that Plaintiff sent a letter dated June 23, 2022, to the EPA Administrator, the EPA Regional Administrators for Regions 6, 8, 9, and 10, the states in which the alleged violations are occurring, and to the Chief of the Forest Service.

23. The Forest Service admits that sixty days have passed since the notice of intent to sue was served. The remaining allegations of Paragraph 23 consist of a legal conclusion, to which no response is required. To the extent a further response is required, the Forest Service denies the remaining allegations in Paragraph 23.

24. The Forest Service admits that Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), provides that "[e]xcept as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful."

25. The allegations in Paragraph 25 consist of legal conclusions, to which no response is required. To the extent a further response is required, the Forest Service denies the allegations.

26. The Forest Service admits that 33 U.S.C. § 1362(12) provides in part that "[t]he term 'discharge of a pollutant' and the term 'discharge of pollutants' each means (A) any addition of any pollutant to navigable waters from any point source."

27. The Forest Service admits that 33 U.S.C. § 1362(6) provides in part that "[t]he term 'pollutant' means dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water."

28. The allegation in the first sentence of Paragraph 28 consists of a legal conclusion, to which no response is required. To the extent a further response is required, the Forest Service denies the allegation in the first sentence of Paragraph 28. The Forest Service admits the allegation in the second sentence of Paragraph 28.

29. The Forest Service admits that 33 U.S.C. § 1362(14) provides in part that "[t]he term 'point source' means any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged."

30. The allegation in Paragraph 30 consists of a legal conclusion, to which no response is required. To the extent a further response is required, the Forest Service admits that in certain circumstances an aircraft can be a point source.

31   The Forest Service admits that, in certain circumstances, the Forest Service and its cooperators have discharged, and may in the future discharge, fire retardant from aircraft into navigable waters without an NPDES permit.

32.   The allegations in Paragraph 32 purport to characterize the 2011 Record of Decision ("ROD"), which speaks for itself and is the best evidence of its contents. The Forest Service denies any allegation inconsistent with the 2011 ROD's plain language, context, or meaning.

33.   The allegations in Paragraph 33 purport to characterize Appendix D of the draft Supplemental Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. The Forest Service denies any allegation inconsistent with the Appendix's plain language, context, or meaning.

34.   The Forest Service admits that if fire retardant enters a waterway, direct effects could include, in certain circumstances, lethal and sub-lethal effects on aquatic species. The Forest Service admits that these effects could include, in certain circumstances, mortality of organisms, change in abundance and composition of aquatic communities, or adverse impact to habitat.

35.   The allegations in Paragraph 35 purport to characterize Table 8 of the Biological Assessment, which speaks for itself and is the best evidence of its contents. The Forest Service denies any allegation inconsistent with Table 8's plain language, context, or meaning.

7

36. The Forest Service admits that the use of fire retardant increased in 2020 and 2021 because the number of fires increased in those years. The Forest Service lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and denies them on that basis.

37. The allegations in Paragraph 37 purport to characterize the draft Supplemental Environmental Impact Statement, which speaks for itself and is the best evidence of its contents. The Forest Service denies any allegation inconsistent with the draft Supplemental Environmental Impact Statement's plain language, context, or meaning.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint consist of the Plaintiff's request for relief, to which no response is required. To the extent a further response is required, the Forest Service denies that the Plaintiff is entitled to the requested relief or any relief whatsoever.

## GENERAL DENIAL

Except as expressly admitted or otherwise stated herein, the Forest Service specifically denies each and every allegation of the Complaint.

Respectfully submitted this 12th day of December 2022.

        TODD KIM
        Assistant Attorney General

        *s/ Alan D. Greenberg*
        ALAN D. GREENBERG
        Environmental Defense Section
        United States Department of Justice
        999 18th Street, Suite 370
        Denver, Colorado  80202
        Phone: (303) 844-1366
        Email: alan.greenberg@usdoj.gov


        JESSE A. LASLOVICH
        United States Attorney

        /s/ John M. Newman
        Assistant U.S. Attorney
        Attorney for United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2022, I filed the foregoing Answer using the CM/ECF system, which will send notification of such filing to counsel of record:

                                                */s/ Alan D. Greenberg*
                                                ALAN D. GREENBERG