FILED

MAR 16 2023

Clerk, U S District Court
District Of Montana
Missoula

W. Adam Duerk
KNIGHT NICASTRO MACKAY, LLC
283 W. Front Street, Suite 203
Missoula, Montana 59802
Email: duerk@knightnicastro.com
Ph: (406) 206-7102

Eric Waeckerlin
Julian R. Ellis, Jr. (*pro hac vice admission pending*)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Email: ewaeckerlin@bhfs.com
       jellis@bhfs.com
Ph: (303) 223-1100

Bella Sewall Wolitz (*pro hac vice admission pending*)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
1155 F Street N.W., Suite 1200
Washington, District of Columbia 20004
Email: bsewallwolitz@bhfs.com
Ph: (202) 296-7353

Elisabeth L. Esposito (*pro hac vice admission pending*)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
1415 L Street, Suite 800
Sacramento, California 95814
Email: eesposito@bhfs.com
Ph: (916) 594-9700

*Attorneys for Putative Intervenors*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| Forest Service Employees for Environmental Ethics,<br><br>*Plaintiff*, | No. 9:22-CV-168-DLC |

| | |
|---|---|
| v.<br><br>United States Forest Service,<br><br>    *Defendant*,<br><br>Town of Paradise, California, Butte County, California, Plumas County, California, Rural County Representatives of California, American Forest Resource Council, National Alliance of Forest Owners, Federal Forest Resource Coalition, California Forestry Association, Montana Wood Products Association, Oregon Forest Industries Council, Washington Forest Protection Association, California Farm Bureau Federation, California Women for Agriculture, and National Wildfire Suppression Association,<br><br>    *Putative Intervenor-Defendants*. | PUTATIVE INTERVENORS' REPLY IN SUPPORT OF THEIR OPPOSED MOTION TO INTERVENE |

Putative Intervenors[1] are a diverse coalition with a common interest in this litigation: Putative Intervenors depend on the Forest Service's timely and effective response to wildfires. Their communities, property interests, businesses, and safety are threatened by Plaintiff's effort to enjoin the Forest Service from the nationwide aerial deployment of fire retardant while the agency completes the ongoing NPDES permitting process.

In response to Putative Intervenors' detailed showing of their right to and interest in intervention, Plaintiff's one-page opposition does not address any of the fact-specific arguments that support intervention or the applicable legal criteria for intervention that the Court must consider. (*See generally* Pl.'s Resp. to Mot. to Intervene (Resp.), Doc. 25 at 2 (stating without explanation that intervention is "untimely, unnecessary, and would cause undue delay").)

It is undisputed that Plaintiff will not be prejudiced by Putative Intervenors' participation. And intervention is necessary because Putative Intervenors' unique interests as local governments, landowners, and businesses are inadequately represented. Even if Putative Intervenors' interests were adequately represented—which they are not—permissive intervention is warranted because of the gravity of the interests at stake and the Forest Service's non-opposition.[2]

---

[1] Terms defined in the motion to intervene have the same meaning here.

[2] After Plaintiff filed its response, counsel for Putative Intervenors conferred with counsel for the Forest Service. The Forest Service indicated it takes no position on intervention of right and will not be filing a separate response.

## REPLY IN SUPPORT

I. **Intervention Is Proper As a Matter of Right. [Rule 24(a)(2)]**

**A. *Adequacy of Representation.*** In a single sentence, Plaintiff argues that Putative Intervenors' "interests are adequately represented by the government." (Resp. at 2.) But Plaintiff provides no argument as to *how* or *why* Putative Intervenors' unique and personal interests are represented.[3] *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1497 (9th Cir. 1995) (stating inadequacy "is most likely to be found when the applicant asserts a personal interest that does not belong to the general public"). The Forest Service does not and cannot represent Putative Intervenors' interests, which include private firefighters' personal interests in their safety while fighting on the front lines of dangerous wildfires, local governments' interests in protecting communities and infrastructure subject to fire risk, forest landowners and forest products companies' personal interest in safeguarding their carefully managed timber lands and protectable interests in timber on National Forest System lands, and ranchers and farmers' personal interest maintaining their working lands and livestock while operating on and near national forests.

Plaintiff's refusal to engage on substance is tacit recognition that Putative Intervenors' interests are significant, undisputed, and unrepresented. Indeed, the only case Plaintiff cites makes this point. *See Kentucky v. EPA*, No. 3:23-cv-00007-GFVT, slip op. (E.D. Ky., Mar. 8, 2023) (attached to Plaintiff's response).

---

[3] Indeed, Plaintiff's response to the motion is threadbare, and it has waived any additional argument against intervention.

2

There, the court denied conservation groups' intervention in a challenge to EPA's "Waters of the United States" rule. *See id.* The court found that the government adequately represented the conservation groups' generalized environment concerns, emphasizing that (1) the government was actively defending the rule—a rule the agency had been considering for years; (2) the conservation groups "d[id] not demonstrate any unique argument they w[ould] contribute to the litigation"; and (3) the interests of the government and the conservation groups were almost perfectly aligned. *Id.* at 4, 5.[4]

Putative Intervenors' interests and anticipated contribution are much more developed and concrete. The Forest Service has a broad land management mandate that is distinct from the Putative Intervenors' focus on responding to and fighting wildfires to protect people, communities, infrastructure, and investments. Putative Intervenors' personal interests, expertise, and lived experiences are necessary to understand the scope of the interests at stake in this case, especially as it relates to Plaintiff's request for injunctive relief. Putative Intervenors are prepared to offer critical information relevant to the public-interest and balance-of-hardship factors, including examples of wildfires contained—and communities and resources saved—through the aerial deployment of fire retardant[5] and the implications of

---

[4] Also critical was the fact that intervention would have burdened the parties and the court by requiring a four-day briefing schedule prior to a scheduled preliminary injunction hearing. *Id.* at 6. No such burden exists here, because the Court has not set a hearing on the motion for summary judgment.

[5] For example, Putative Intervenors will offer evidence of the crucial role of retardant on the 2022 Lemonade Fire, which threatened the town of Kalispell

3

Plaintiff's requested injunction on the integrated cooperative fire protection programs operating in western states.

Putative Intervenors thus easily meet the "minimal" bar for intervention. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). Their interests in the outcome of the case are concrete and certainly more particularized than the interests of the Forest Service. For this reason, Plaintiff's gratuitous offer to allow Putative Intervenors to participate as amici curiae rings hollow. Putative Intervenors' interests are more significant than those of amici. They should therefore be allowed to present their full range of interests in the aerial deployment of fire retardant and the hardships that will follow for millions of people across millions of acres if Plaintiff's injunction is granted.

**B. *Timeliness.*** Plaintiff also argues Putative Intervenors' "motion to intervene is untimely." (Resp. at 2.) Plaintiff cites no Ninth Circuit authority, makes no legal or factual argument, and fails to acknowledge the prevailing standards, which clarifies that "[t]imeliness hinges" on three factors: (1) the stage of the proceedings; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021). All three factors weigh heavily in Putative Intervenors' favor.

1. *Stage of proceedings.* This litigation has only just begun. Plaintiff filed its complaint on October 11, 2022, and the Forest Service answered on December 12, 2022. To date, there have been no case scheduling orders, no hearings, no

---

Montana, and the 2014 Boles Fire, which burned through the community of Weed, California, before being halted by a retardant drop across the downtown corridor.

4

substantive rulings, and no discovery. While Plaintiff filed a *pre-discovery* motion for summary judgment in January, the motion is mired in fact issues and seeks relief (a nationwide injunction enjoining the aerial deployment of fire retardant) that, at the very least, will require an evidentiary hearing on the injunction factors. (*See generally* Pl.'s Br. in Supp. of Mot. Summ. J., Doc. 7; Pl.'s Reply Br. in Supp. of Mot. Summ. J, Doc. 24 at 10–11) ("ask[ing] this Court to use its flexible equitable powers to require the Forest Service to implement a 600-foot buffer around national forest waterbodies [with no provision for threats to human life or property] during the pendency of the agency's application for a Clean Water Act permit"). Here, like in *Kalbers*, so far "the parties and the [Court have] covered scarcely any legal ground together," and "what little ground" has been covered has "not meaningfully advance[d] the case." 22 F.4th at 826.

Nor is it determinative that "[s]ummary judgment is fully [] briefed." (*See* Resp. at 2.) The Ninth Circuit has rejected rote application of the "stage of proceeding" factor because "substance prevails over form." *Kalbers*, 22 F.4th at 826; *see also Mont. Wilderness Ass'n v. McAllister*, No. CV 07-39-M-DWM, 2008 WL 11348230, at *1 (D. Mont. Sept. 9, 2008) (granting permissive intervention even though it meant full summary judgment briefing could not be completed before oral argument). And this case is nowhere close to those in which the stage-of-proceedings factor weighed against intervention. *See, e.g., League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (finding factor weighed against intervention because the case had involved a temporary restraining order, a preliminary injunction, an appeal, provisional class

5

certification, four prior interventions, a motion to dismiss, a motion for summary judgment, and nine months of discovery).[6]

2. *No prejudice.* The "only" prejudice relevant is prejudice that "flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016). Plaintiff articulates no prejudice other than a generalized concern over "undue delay," presumably related to summary judgment. (Resp. at 2.) This argument fails. Both Plaintiff and Putative Intervenors have proven their ability to move quickly. Plaintiff responded to the motion to intervene on the same day the motion was filed; Putative Intervenors replied four business days later. Additionally, Putative Intervenors have pledged to file a response to the motion for summary judgment within 21 days of the Court granting intervention. Thus, any delay would be minimal—not undue—and would occur before the Court sets a hearing on summary judgment.

3. *Reason for and length of delay.* Plaintiff does not argue Putative Intervenors were delayed in moving to intervene. After the Forest Service responded to Plaintiff's motion to summary judgment, Putative Intervenors coordinated efforts and acted with haste. In less than three weeks, they identified fourteen diverse parties representing key stakeholders across the Western United States, hired counsel, conferred with Plaintiff and the Forest Service, and drafted and filed a motion to intervene, a brief in support, seven supporting declarations, a

---

[6] To be clear, the Ninth Circuit regularly allows intervention "all the way into the remedial phase of litigation." *Kalbers*, 22 F.4th at 826 (collecting cases).

6

proposed answer in intervention, and other supporting documents. Putative Intervenors were careful and deliberate in presenting their interests in a single motion to avoid any undue complication and delay. The Court should "have little trouble concluding" the short three-week period (between when the Forest Service responded to Plaintiff's motion for summary judgment and when Putative Intervenors filed their motion intervene) "weighs in favor of timeliness, rather than against it." *See Kalbers*, 22 F.4th at 825.

Because all three factors favor timeliness under prevailing Ninth Circuit standards, Putative Intervenors' motion is timely.

## II. Alternatively, Permissive Intervention Is Proper. [Rule 24(b)]

If the Court does not grant intervention as of right, Putative Intervenors should be granted permissive intervention. Their motion is timely, the Forest Service does not oppose permissive intervention, the issues at stake in this case are of critical importance to Putative Intervenors' communities and members, and Plaintiff's claims and Putative Intervenors' defense of the aerial deployment of fire retardant concern common questions of law and fact.

Dated: March 16, 2023.                    Respectfully submitted,

_/s/ W. Adam Duerk_

W. Adam Duerk
KNIGHT NICASTRO MACKAY, LLC
283 W. Front Street, Suite 203
Missoula, Montana 59802
Email: duerk@knightnicastro.com
Ph: (406) 206-7102

Eric Waeckerlin
Julian R. Ellis, Jr. (*pvh pending*)
BROWNSTEIN HYATT
 FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Email: ewaeckerlin@bhfs.com
       jellis@bhfs.com
Ph: (303) 223-1100

Bella Sewall Wolitz (*pvh pending*)
BROWNSTEIN HYATT
 FARBER SCHRECK, LLP
155 F Street N.W., Suite 1200
Washington, District of Columbia 20004
Email: bsewallwolitz@bhfs.com
Ph: (202) 296-7353

Elisabeth L. Esposito (*pvh pending*)
BROWNSTEIN HYATT
 FARBER SCHRECK, LLP
1415 L Street, Suite 800
Sacramento, California 95814
Email: eesposito@bhfs.com
Ph: (916) 594-9700

**Attorneys for Putative Intervenors**

## CERTIFICATE OF COMPLIANCE

I certify **Putative Intervenors' Reply in Support of Their Opposed Motion to Intervene** complies with the type-volume limitation of Local Rule 7.1(d)(2)(B). The brief contains 1,749 words in a proportionally spaced font style, excluding caption, certificate of compliance, tables of contents and authorities, signature block, and any certificate of service.

_____
W. Adam Duerk

## CERTIFICATE OF SERVICE

I certify that on March 16, 2023, a copy of **Putative Intervenors' Reply in Support of Their Opposed Motion to Intervene** was hand delivered to the Clerk of Court, U.S. District Court for the District of Montana, 201 E. Broadway Street, Missoula, Montana 59802. A courtesy copy was also emailed to all counsel of record.

_____
W. Adam Duerk