IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES FOREST SERVICE,<br><br>　　　　Defendant. | CV 22–168–M–DLC<br><br><br>ORDER |

　　　Before the Court is Plaintiff Forest Service Employees for Environmental Ethics' ("FSEEE") Motion for Fees and Costs. (Doc. 46.) FSEEE seeks to recover $81,514 in attorney's fees and $572.45 in costs. (Doc. 49 at 4.) In support of their motion, FSEEE's counsel has provided an accounting of the hours spent, the associated rate for those hours, and a description of the activity those hours were dedicated to. (Doc. 47-1 at 7–9.) Defendant United States Forest Service ("USFS") contends that FSEEE's motion is premature and the requested attorney's fees are unreasonable. (Doc. 48 at 3.) The USFS does not oppose the award of costs.

## BACKGROUND

　　　FSEEE brought this action, pursuant to 33 U.S.C. § 1365(a), challenging the

1

USFS's discharge of aerially deployed fire retardant into navigable waters of the United States without a National Pollutant Discharge Elimination System ("NPDES") permit, in violation of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.* (Doc. 1 at 1.) FSEEE sought a declaratory judgment against the USFS and to enjoin the USFS from the aerial application of fire retardants unless and until it obtains an NPDES permit to do so. (*Id.* at 9–10.)

FSEEE moved for summary judgment, which the Court granted in part and denied in part on May 26, 2023. (Doc. 45 at 14.) The Court declared the USFS's unpermitted aerial discharge of fire retardant into navigable waters of the United States in the states of Oregon, California, Montana, Idaho, Wyoming, Colorado, Nevada, Arizona, New Mexico, and Alaska violates the CWA. (*Id.* at 15.) However, the Court declined to enjoin the use of these retardants, in part, because the USFS had already begun the process of obtaining a general NPDES permit and had entered into a Federal Facility Compliance agreement with the EPA that requires the USFS to obtain an NPDES permit. (*Id.* at 14–15.) The Court ordered the USFS to provide status reports every six-months regarding its progress toward obtaining an NPDES permit until a final decision is reached. (*Id.* at 15.) As such, this matter is stayed pending the outcome of the NPDES permitting process.

## LEGAL STANDARDS

Rule 54 of the Federal Rules of Civil Procedure requires that a "claim for

attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).  A motion for fees must:

(i) be filed no later than 14 days after the entry of judgment;
(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
(iii) state the amount sought or provide a fair estimate of it; and
(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B).

Pursuant to section 505(d) of the CWA, "[t]he [C]ourt, in issuing any final order . . . , may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate."  33 U.S.C. § 1365(d).  To award attorney's fees under section 505(d), the Court must find that the fee applicant is a "prevailing or substantially prevailing party," and it must find that an award of attorney's fees is "appropriate."  *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir. 2009).  Where there are no special circumstances that would render the award of attorney's fees unjust, the Court must award a reasonable fee to the prevailing party.  *Resurrection Bay Conservation All. v. City of Seward*, 640 F.3d 1087, 1094 (9th Cir. 2011).

3

## DISCUSSION

### I. Prevailing Party Status

"The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989). A plaintiff need only succeed on a "significant issue" that achieves "some of the benefit the part[y] sought in bringing suit," to "cross[] the threshold to a fee award of some kind." *Id.* at 792. "[W]hile the nature and quality of relief may affect the amount of the fees awarded, an extremely small amount of relief is sufficient to confer prevailing party status." *Saint John's*, 574 F.3d at 1059–60.

Although the USFS concedes that FSEEE is a prevailing party, (Doc. 48 at 7), it also argues that an award of fees is premature because the Court has not issued a "final order" as required by section 505(d) nor a "judgment" as used in Rule 54. (*Id.* at 6.) The USFS also argues that FSEEE cannot recover attorney's fees under a "catalyst theory." (*Id.* at 9–11.) Both arguments relate to whether FSEEE is a "prevailing party."

**A. Interlocutory Award of Attorney's Fees**

"A party may be awarded attorney fees as a prevailing party at an interlocutory stage of the proceeding if the party 'prevails on the merits as to one

or more of his or her claims.'" *Marks v. Clarke*, 102 F.3d 1012, 1034 (9th Cir. 1996) (quoting *Ward v. Cnty. of San Diego*, 791 F.2d 1329, 1334 (9th Cir. 1986)); *see also Animal Lovers Volunteer Ass'n, Inc. v. Carlucci*, 867 F.2d 1224, 1225 (9th Cir. 1989) ("The fact the dispute between the parties may continue does not preclude a fee award."). In other words, "[a] party need not win a judgment that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" in order to qualify as a prevailing party. *Marks*, 102 F.3d at 1034.

The District Court for the Central District of California addressed this argument in *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, No. C-09-5676 EMC, 2011 WL 6012936 (N.D. Cal. Dec. 1, 2011). In that case, the court relied on the aforementioned Ninth Circuit precedent, as well as the legislative history of the CWA, to determine that "a court need not wait for a final verdict in awarding costs of litigation." *Id.* at *3. The court held that the plaintiff had achieved prevailing party status by establishing the defendant's liability under the CWA through its success on a motion for partial summary judgment. *Id.* at *5.

In the context of CWA claims, the Ninth Circuit has recognized that a grant of declaratory relief "delineates important rights and responsibilities and can be a message not only to the parties but also to the public and has significant educational and lasting importance." *Nat. Res. Def. Council v. U.S. EPA*, 966 F.2d 1292, 1299 (9th Cir. 1992) (internal quotation marks omitted). By obtaining

declaratory relief, FSEEE has succeeded on a significant issue that achieves some of the benefit FSEEE sought in bringing suit and there has been a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Tchrs. Ass'n*, 489 U.S. at 792–93. Thus, FSEEE is entitled to an interlocutory award of attorney's fees.

### B. "Catalyst Theory"

The Supreme Court has held that a party is not "prevailing" where the party "has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct"—commonly referred to as the "catalyst theory." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 600, 605 (2001). The Ninth Circuit has applied *Buckhannon*'s holding to the fee-shifting provision of various other statutes. *See Kasza v. Whitman*, 325 F.3d 1178, 1180 (9th Cir. 2003) (applying *Buckhannon* in the context of a Resource Conservation and Recovery Act claim and collecting cases). The District Court for the District of Idaho has applied the Ninth Circuit's holding in *Kasza* to deny a party "prevailing party" status under section 505(d) of the CWA. *Idaho Power Co. v. EPA*, No. 1:18-cv-00255-BLW, 2020 WL 6449166, at *1 (D. Idaho Nov. 3, 2020).

This case is distinguishable from the "catalyst theory" cases. First, in *Idaho*

*Power Co.*, the parties entered in a settlement agreement that "allowed the EPA time to take action" and, in exchange, Idaho Power agreed to dismiss the case. *Id.* at *2. The court pointed out that "the settlement agreement was never filed with the [c]ourt, nor did it contain any judicial enforcement mechanism," and "there was no role for the Court beyond staying the case, receiving status reports, and dismissing the case." *Id.* Here, there was no settlement agreement between the parties and FSEEE did obtain an actual declaratory judgment from the Court that established the USFS's liability under the CWA. In *Kasza*, the court found that the plaintiff had "not gain[ed] by judgment or consent decree a material alteration of the legal relationship of the parties." 325 F.3d at 1180. The Court has already found that FSEEE gained a material alteration of the legal relationship of the parties by way of this Court's declaratory judgment.

For the foregoing reasons, the Court concludes that FSEEE is a "prevailing party" under section 505(d) of the CWA.

## II.  Appropriateness of a Fee Award

To determine whether an award of attorney's fees is "appropriate," the Court must employ the Ninth Circuit's "special circumstances" test. *St. John's*, 574 F.3d at 1062. Under this test, a district court should award a prevailing party its attorney's fees "unless *special circumstances* would render such an award unjust." *Id.* The USFS puts forth no argument as to why an award of attorney's fees would

7

be inappropriate under the special circumstances test, and the Court finds that no special circumstances exist.

### III. Reasonable Fees

Because FSEEE is a prevailing party and an award of attorney's fees is appropriate, the Court must next determine what fee is reasonable. The Court begins by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate" to determine the lodestar. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking fees must submit evidence supporting the hours worked and rates claimed. *Id.* The lodestar amount may then be adjusted to reflect the degree of success obtained. *See id.* at 440 ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.").

### A. Hourly Rate

In determining a reasonable hourly rate, the Court should consider the prevailing rate in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986); *see also All. for the Wild Rockies v. U.S. Dep't of Agric.*, CV 11–76–M–CCL, 2016 WL 4766234, at *7 (D. Mont. Sept. 13, 2016) (defining the "relevant legal community" as "environmental attorneys in Montana with commensurate experience, reputation, and skill.").

In the instant motion, counsel for FSEEE, Tim Bechtold, requests an hourly rate of $420 for 2022 and $460 for 2023.  (Doc. 47 at 8, 15.)  Mr. Bechtold argues that the requested rates are fair in light of the increased costs of living.  (*Id.* at 9.)  The USFS argues that an annual rate increase of $10 per hour per year, as previously applied by the Court, is more appropriate.  (Doc. 48 at 11–12.)  Thus, the USFS concedes that an hourly rate of $380 for 2022 and $390 for 2023 is reasonable.  (*Id.* at 12.)

The Court recognized $340 per hour as a reasonable rate for Mr. Bechtold's legal services in 2018.  *Native Ecosystems Council v. Krueger*, CV 12–27–M–DLC, 2019 WL 1489839, at *5 (D. Mont. Apr. 4, 2019).  The rate was increased to $350 per hour in 2019.  *All. for the Wild Rockies v. Savage*, CV 15–54–M–DLC, 2019 WL 3293425, at *6–7 (D. Mont. July 22, 2019).  The Court specifically rejected Mr. Bechtold's request for a higher adjustment to his hourly rate between 2018 and 2019, finding a $10 per hour increase more reasonable.  *Id.* at *7.

As this Court has previously explained, "[i]n principle, [a] request for an annual raise is reasonable.  Not only do costs of living rise, but an annual raise reflects an attorney's additional year of skill and experience." *Native Ecosystems Council*, 2019 WL 1489839, at *4.  However, a linear model that ties hourly rates directly to years in practice is not reasonable.  *Id.*  The Court has recognized that "Mr. Bechtold is a highly skilled attorney who possesses considerable expertise in

9

environmental litigation" and has appeared before the Court on numerous occasions. *Id.* It is on this basis that the Court previously awarded Mr. Bechtold a $10 per year increase in his hourly rate. It has never been the practice of the Court to tie rate increases directly to inflation or to guarantee any increase year over year.

Mr. Bechtold has failed to provide adequate evidence that his requested hourly rates are consistent with the prevailing rate in the relevant legal community for similar work performed by attorneys of comparable skill, experience, and reputation. Accordingly, the Court finds Mr. Bechtold's requested rates unreasonable. However, in recognition of Mr. Bechtold's skill and expertise, the USFS's concession, and the Court's previous rulings, the Court will apply an annual rate increase of $10 per hour per year. Accordingly, Mr. Bechtold may be compensated at a reasonable hourly rate of $380 for work performed in 2022 and $390 for work performed in 2023.

**B. Hours Charged**

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The Court may reduce the number of hours awarded if the Court finds that the attorney performed unnecessarily duplicative or otherwise unreasonable work. *Id.* at 1112.

10

Mr. Bechtold reports spending 33.30 hours in 2022 and 146.80 hours in 2023 working on this case, including time spent on the instant motion, for a total of 180.1 hours. (Docs. 47-1 at 7–9, 49 at 4.) The USFS does not argue that Mr. Bechtold's reported hours are duplicative or otherwise unreasonable and the Court finds no basis to reduce the number of hours reported.

### C. Adjustments Reflecting Plaintiff's Limited Success

"A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440. "[W]hen a plaintiff prevails on only some of his claims for relief or achieves limited success[,]" the Court must consider: (1) the relationship between the claims on which the plaintiff prevailed and those on which he did not; and (2) whether the plaintiff's degree of success justifies an award for fees incurred in pursuing related, but ultimately unsuccessful, claims. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2019) (en banc) (internal quotation marks omitted). Where the Court deems an adjustment is required, it "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436–37. In making an adjustment, the Court must exercise its discretion and provide a rationale for its decision. *Id.* at 437.

The USFS argues that FSEEE's requested fees should be reduced by 60%

based on a qualitative assessment of FSEEE's success. (Doc. 48 at 11.) The USFS argues that "the litigation effort to obtain [declaratory relief] did not require significant time because the Forest Service admitted liability in its Answer" and the "primary disputed issue between the parties and on which significant attorney hours were spent" was injunctive relief, which was denied. (*Id.*) FSEEE contends that "fees are warranted for all hours incurred in this case," but, should the Court consider a reduction based on limited success, a 10% reduction would be more appropriate. (Doc. 49 at 3.)

  FSEEE achieved limited success in this action. FSEEE sought both a declaratory judgment that the USFS was violating the CWA and an injunction on the continued use of aerially deployed fire retardant in violation of the CWA. The Court granted summary judgment for the former and denied the latter. The USFS did largely admit to liability under the CWA in its Answer; however, the agency continued to challenge FSEEE's standing to bring the action as well as the actual number of unlawful discharges that had occurred. (*See* Doc. 45 at 2–10.)

  While the two requests for relief are clearly related to the same issue—the USFS's violation of the CWA as a result of its unpermitted aerial discharge of fire retardant into waters of the United States—the legal requirements for each form of relief are distinct. As the USFS points out, the agency largely admitted liability for violating the CWA. Yet, FSEEE failed to meet the necessary elements to enjoin

the USFS from future violations at this time.  (*See* Doc. 45 at 10–14.)

The USFS argues that FSEEE was largely unsuccessful while FSEEE argues that it succeeded in achieving its primary objective because the agency is now required to obtain an NPDES permit.  As the Court discussed earlier, FSEEE did achieve a significant and material success.  However, the Court must also consider that this award of fees is interlocutory, and FSEEE may recover additional fees in the future following final judgment on the request for injunctive relief.

For these reasons, the Court finds that a reduction of 25% from the lodestar calculation is reasonable.

## IV. Costs

FSEEE seeks $402 for the filing fee in this case, as well as postage and printing costs of $170.45 for sending the 60-day notice and serving the Complaint, for a total of $572.45 in costs.  (Doc. 47 at 15.)  The USFS does not oppose the award of these costs.  (*See* Doc. 48.)  Accordingly, the Court will award FSEEE its requested costs.

## Conclusion

Based on the foregoing, the Court concludes that a total award of $52,429.50 in attorney's fees and $572.45 in costs is appropriate in this matter.

| Year | Rate | Hours | Fee | Final Fee (25% Reduction) |
|---|---|---|---|---|
| 2022 | $380 | 33.30 | $12,654 | $9,490.50 |
| 2023 | $390 | 146.80 | $57,252 | $42,939.00 |
| Total Fees | | | | $52,429.50 |
| Total Costs | | | | $572.45 |
| Total Fees & Costs | | | | $53,001.95 |

Accordingly, IT IS ORDERED that the motion (Doc. 46) is GRANTED IN PART. Plaintiff FSEEE is entitled to $52,429.50 in attorney's fees and $572.45 in costs, for a total award of $53,001.95.

DATED this 23rd day of October, 2023.

_____
Dana L. Christensen, District Judge
United States District Court