Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE,<br><br>　　　　Defendant. | CV-22-168-M-DLC<br><br>PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF |

On May 26, 2023, this Court found that the Forest Service is in violation of the Clean Water Act for discharges of aerial fire retardant into waters of the United States. Doc. 45. In January 2023, the Forest Service had requested that the EPA develop a general permit for the discharge of retardant into waters of the United States. Doc. 12 at 10. The Court declined to enjoin the Forest Service from discharging retardant into waters of the United States, finding that "the objective of

1

the CWA is likely to be achieved here in due course without need for a permanent injunction in the interim" since the Forest Service was in the process of seeking an NPDES permit. Doc. 45.

The Forest Service estimated the process to obtain an NPDES permit would take two-and-one-half years. Doc. 45 at 11. The Court ordered the Forest Service to provide status reports every six months. Doc. 45 at 15. The Forest Service's latest status report was filed on November 26, 2024. The Forest Service reported, as it had in its previous status reports, that it "is continuing to work with EPA to generate information related to the development of the Wildfire General Permit." Doc. 55 at 2.

Executive Order 12866 requires that "significant regulatory actions" must be submitted to the Office of Information and Regulatory Affairs in the Office of Management and Budget for review and potential revision. The Office of Information and Regulatory Affairs review of the NPDES Wildfire General Permit under Executive Order 12866 concluded on January 24, 2025, when the review was withdrawn, implying that the Wildfire General Permit's rulemaking process has ceased, without a permit having issued. *See* Doc. 57-1.

Although the Court found the Forest Service to be in violation of the Clean Water Act, the Court did not order the Forest Service to obtain an NPDES permit; it ordered the Forest Service to provide status reports on its progress toward

obtaining an NPDES permit. Doc. 45 at 14-15. At the status conference before this Court on February 25, 2025, counsel for the government indicated that the permit process for the Forest Service to obtain an NPDES permit would resume. However, the government was not able to provide a timeline for the resumption of the permitting process or an estimate of when any permit might issue.

FSEEE believes that more specific directives are necessary in this case for the government to comply with the objectives of the Clean Water Act. *See* Doc. 45 at 14. The Forest Service estimated that the permit process would take two-and-one-half years. Doc. 45 at 11. The Forest Service started the permit process in January of 2023, thus absent the withdrawal and potential resumption of the permit application, any NPDES permit would likely be issued by June, 2025.

FSEEE now asks the Court to enjoin the Forest Service from the aerial application of retardant beginning on July 1, 2026, unless the Forest Service obtains an NPDES permit by June 30, 2026. While the deadline suggested by FSEEE is not imminent, it provides a timeframe for the government to accomplish the task required by the Clean Water Act and to proceed apace to comply with the law.

DATED this 10th day of March, 2025.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

Attorney for FSEEE

3