IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE,<br><br>Defendant. | CV 22–168–M–DLC<br><br><br>ORDER |

Before the Court is Plaintiff Forest Service Employees for Environmental Ethics' ("FSEEE") Motion for Injunctive Relief. (Doc. 60.) FSEEE seeks an order requiring Defendant United States Forest Service ("USFS") to obtain a National Pollutant Discharge Elimination System ("NPDES") permit by June 30, 2026, or cease discharging retardant into navigable waters of the United States. (*Id.* at 1.) For the reasons herein, the Motion will be denied.

## BACKGROUND

Because the Parties and the Court are familiar with the facts forming the basis of this Motion, the Court will only briefly summarize them here for context. On May 26, 2023, this Court found that USFS was in violation of the Clean Water Act ("CWA") for unpermitted discharges of aerial fire retardant into navigable

1

waters of the United States in the states of Oregon, California, Montana, Idaho, Wyoming, Colorado, Nevada, Arizona, New Mexico, and Alaska. (*See* Doc. 45 at 14–15.) The Court declined to issue an injunction on USFS's use of fire retardant as a tool to fight wildfires, but ordered that USFS provide a status report every six months regarding its progress toward obtaining an NPDES permit (hereinafter the "Wildfire General Permit"). (*Id.* at 15.) In compliance with the Court's order, USFS filed status reports on November 24, 2023, May 31, 2024, and November 26, 2024. (*See* Docs. 53, 54, 55.)

On February 25, 2025, at the request of FSEEE, the Court held a status conference to discuss the status of the USFS's efforts to obtain an NPDES permit. (Docs. 57, 60.) This Motion followed.

## LEGAL STANDARD

To obtain a permanent injunction, the moving party must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156–57 (2010);

*see also N. Cheyenne Tribe v. Norton*, 503 F.3d 836, 843 (9th Cir. 2007).

## DISCUSSION

FSEEE argues that because USFS cannot commit to a date certain, and

2

because the permit application was resubmitted on March 10, 2025, USFS should be enjoined from utilizing aerial application of retardant beginning on July 1, 2026, unless the agency obtains an NPDES permit by June 30, 2026. (Docs 61 at 3; 63 at 2.) FSEEE's Motion is motivated by the President's Executive Order 12866, which requires that "significant regulatory actions" be submitted to the Office of Information and Regulatory Affairs in the Office of Management and Budget ("OMB") for review and potential revision. (*See* Doc. 57-1.) FSEEE contends that the Office of Information and Regulatory Affairs review of the NPDES Wildfire General Permit under Executive Order 12866 concluded on January 24, 2025, implying the Wildfire General Permit's rulemaking process had ceased. (Doc. 61 at 3 (citing Doc. 57-1.).)

USFS opposes the Motion, arguing that FSEEE fails to provide a legal basis to set aside the Court's previous ruling on the issue of injunctive relief, fails to clearly or specifically explain the relief sought, and fails to demonstrate that it is entitled to an injunction. (Doc. 62 at 2–5.) After a review of the parties' arguments and exhibits, the Court denies FSEEE's Motion for the reasons articulated in its May 26, 2023, Order. (*See generally* Doc. 45.)

There, the Court declined to enjoin USFS from utilizing aerial deployment of fire retardant as a tool to fight wildfires, reasoning that (1) FSEEE failed to offer sufficient evidence establishing hardship to the parties and to show that the

public interest would not be disserved by a permanent injunction; (2) FSEEE failed to demonstrate how an injunction would be enforced; and (3) the CWA does not require a court to enjoin all CWA permit violations. (*Id.* at 12–13 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982).). The Court is unaware of any material change in circumstances since it denied FSEEE's initial request for injunctive relief on May 26, 2023. Indeed, in its current Motion seeking injunctive relief, FSEEE again fails to show that irreparable harm will result absent an injunction and to demonstrate how any injunction would be enforced. As before, the Court need not enjoin every project that violates the CWA's permit requirements. *See Weinberger*, 456 U.S. at 320.

     Moreover, pursuant to this Court's May 26, 2023, Order, USFS's November 26, 2024, Status Report indicated the agency had requested an Environmental Protection Agency ("EPA") NPDES permit to authorize certain discharges to waters of the United States associated with the aerial application of fire retardant. (*See* Doc. 55.) The Status Report further stated that USFS met with the EPA in connection with the permit application and is continuing to work with the EPA to generate information related to the development of the Wildfire General Permit. (*Id.*) USFS's two subsequent status reports indicate the same. (*See* Docs. 54, 55.) And though FSEEE is correct—the EPA indeed withdrew the draft NPDES permit after the recent change in Presidential administration—that fact does not warrant

4

the issuance of an injunction. According to the unrebutted evidence contained in the declaration of Christopher Kloss, Director of the Water Permit's Division in EPA's Office of Water, EPA's withdrawal of the draft permit reflected only the new administration's desire to pause the regulatory process to evaluate pending actions; the EPA has since resubmitted the draft Wildfire General Permit to OMB for completion of interagency review. (Doc. 62-1 ¶¶ 9, 10.)

As before, the USFS is operating under a Federal Facility Compliance Agreement with the EPA to guard against potential discharges into waters of the United States. (*See* Doc. 62-2 ¶¶ 30–45.) And as before, the objective of the CWA is likely to be achieved in due course without the need for a permanent injunction. A review of the evidence before the Court demonstrates that USFS is cooperating with the EPA as the EPA works to develop the Wildfire General Permit. In any event, the authority to grant a NPDES permit belongs to the EPA—not to USFS. *See* 33 U.S.C. § 1342. Having requested the permit, USFS must now wait for the EPA to complete its administrative process.

Finally, to the extent its May 26, 2023, Order was unclear, the Court emphasizes that USFS is required to obtain an NPDES permit to utilize aerial deployment of fire retardant into the navigable waters of the United States.

Accordingly, for the reasons stated above, IT IS ORDERED that FSEEE's Motion for Injunctive Relief (Doc. 60) is DENIED. USFS is not enjoined from

utilizing the aerial deployment of fire retardant as a tool to fight wildfires.

IT IS FURTHER ORDERED that USFS is required to obtain an NPDES permit to discharge aerial deployment of fire retardant into the navigable waters of the United States.

IT IS FURTHER ORDERED that USFS shall file a status report on or before Friday, August 1, 2025, and every six months thereafter regarding its progress toward obtaining an NPDES permit until a final decision has been reached on the issuance of said permit.

DATED this 19th day of May, 2025.

_____
Dana L. Christensen, District Judge
United States District Court